FRANCES ANN LANE *vs.* JONAS H. LANE.

A testator, who died leaving a wife and three children, by his will directed that his personal property should be applied to the payment of his debts and the removal of incumbrances upon his real estate; "that my property, when thus consolidated in real estate, may thus remain during the lifetime of my wife and of each of my children, and, at the decease of the last surviving one of them, that said property may then [after certain specific legacies] be divided between my surviving legal heirs, each receiving an equal portion of the same." By a codicil, he directed that the income of his real estate should be divided into four equal parts, of which one should quarter-yearly be given to his wife and one to each of his children; that after five years from the date of his decease, at any time when his legal heirs should unanimously agree, his property might be divided into equal shares, not disposing of the real estate any further than necessary, but retaining it in the possession of his heirs, one share for his wife and one for each child, and being thus divided should be placed in the hands of trustees, in trust for his wife and children. The widow waived the provisions of the will in her behalf, and the specific legacies were paid or secured. *Held*, that the children took a vested interest in the estate, in fee simple.

BILL IN EQUITY by the executrix of the will of Jonas H. Lane, praying for the instructions of this court as to the execution of the said will.

It appeared that the testator died on the 5th of September 1861, leaving the plaintiff as his widow, and three children, and a will executed in November 1850, containing the following directions:

"2d. That so much of my real estate as can be retained unincumbered should not be sold; and that all property to me belonging, all stocks, notes, bills, &c. due to me, may be collected with all reasonable dispatch, and converted into money; and by these means, and in such ways, as far as can be done, that all incumbrances upon my real estate may be liquidated and removed.

"3d. That my property, when thus consolidated in real estate, may thus remain during the lifetime of my beloved wife, Frances Ann Lane, and during the lifetime of each of my beloved children, Eliza Wait Lane, Jonas Henry Lane, and Charlotte Taylor Lane; and, at the decease of the last surviving one of the before mentioned wife and children, that said property may then be divided in the following manner: viz., to the American Board of Commissioners for Foreign Missions, five hundred

dollars; to the American Home Missionary Society, five hundred dollars; to the First Evangelical Congregational Church and Society in Lancaster, Massachusetts, five hundred dollars; and the remainder of said property shall be divided between my surviving legal heirs, each receiving an equal portion of the same.

" 4th. That my beloved wife, Frances Ann Lane, have, instead of her dower in my estate, the net income of all my real estate, (consolidated as before described,) after paying all taxes and insurance, and all other charges upon the same, so long as she remains unmarried and my widow, to be used to the best of her own discretion, for her own support, and for the support and education and future benefit of our three children, during the life of them all."

The will contained numerous further provisions, in case of the second marriage of the testator's widow, and the marriage or pecuniary embarrassment of his children; and gave to his children certain specific legacies.

In December 1857, he made a codicil to the will, which contained the following provisions :

" First. Whereas my daughter Eliza is married, and my son is twenty-one years old on the 4th of January 1858; instead of the net income of all my real estate (see section 4 of will) passing into the hands of my beloved wife, to be used at her best discretion for the support and education of my children, I do hereby will that said net income be divided into four equal parts every quarter-yearly; of which, every quarter-yearly, one shall be given to my beloved wife, and one to each of my dear children, for their own respective and personal use.

" Second. After five years from the day of my decease, at any time when my legal heirs shall unanimously agree, my property may be divided into equal shares, not disposing of or selling my real estate any farther than is absolutely necessary in said division, but retaining it in the possession of my heirs; viz., if my wife be living, and each of my children be living, then let there be four equal shares; if my wife be not living, or if either of my children have died, leaving no legal heirs, then let the number of shares be

one share for each of my surviving children, and one share for each of my children who have died leaving legal heirs.   My will is that the property thus divided shall be placed in the hands of trustees, of abundant responsibility and safe judgment, for the care and management of the same, in trust for my beloved wife and for my dear children.   Said trustees shall pay over, in quar- ter-yearly payments, the entire regular net income from the same, and so much more of each respective share as shall be needed for their comfortable support, to the ones entitled to the same ; provided, that in any case the ones (or their families) thus entitled to said shares shall, from misfortune of any kind, be in circum- stances of need, my will is that this provision be for the personal benefit of those, and of their families, to whom it is given for their maintenance and comfortable support ; and that it shall not in any way be liable for or used in the discharge of their debts, or those of any one else ; neither shall they, or any one, have power to alienate or sell the same, excepting so far as to meet the necessary daily expenses of the returning necessary daily wants of the families of the ones entitled thereto, whenever the regular income from the same is not sufficient therefor.

" Said payments shall be made to said individuals personally, and to them only, and in money, except when the trustees shall deem it for the best interests of said heirs to pay their board, or to purchase for and give over to them all the necessaries of life which they may need, taking therefor their single receipt. Let not the said trustees, in any way whatever, abuse this power."

The codicil contained a further recommendation as to benev- olence, a direction as to the character of the investments of his estate, and advice as to partnerships and an early withdrawal from business.

The case was reserved by the chief justice for the determina- tion of the whole court.

*T. H. Russell*, for the plaintiff.

*H. W. Suter*, for the defendant.

HOAR, J.   The legacies from this estate having been paid or secured to the satisfaction of the several legatees, and the widow

having waived her rights under the will, the question presented for our decision is simply this: What estate was given by the will and codicil to the testator's children? We think the testator intended to give the property to his children as a vested interest in fee, but wished to prevent a sale or conveyance by them of the interest thus given; inconsistent purposes, which the law cannot carry into effect. Under the codicil we cannot find a trust by implication directly created, the words being apt and sufficient to vest a present interest; and the authority to create a trust after five years, if the parties in interest should elect, excluding the idea that any trust estate was to subsist in the mean time. The wishes of the testator that his real estate should be kept undivided, and as to the appointment of trustees, so far as expressed in the will, can only be regarded, consistently with the rules of law, as a recommendation, of the same character and weight as the other pieces of advice to his children which accompany his testamentary provisions. The executrix has therefore no interest in the estate as trustee, and the children take it, after payment of debts and legacies, as a vested estate in fee simple. *Decree accordingly.*